CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 1 2 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

RODNEY VICTOR HARRIS,            )
                                 )   Civil Action No. 7:05CV00566
         Plaintiff,              )
                                 )
v.                               )   MEMORANDUM OPINION
                                 )
GEORGE W. BUSH, President        )
of the USA, Legal Section, et al., )
                                 )   By: Hon. James C. Turk
         Defendant(s).           )   Senior United States District Judge

Plaintiff Rodney Victor Harris, proceeding pro se, brings this action against George W. Bush, President of the United States, and numerous other defendants.[1] The nature of the relief sought by Harris is unclear. The court construes Harris's complaint as a civil rights action pursuant to 42 U.S.C. § 1983.[2] Harris requests in forma pauperis status. This court has dismissed more than three actions filed by Harris pursuant to 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2).[3] By final order of February 11, 2004, Harris's right to file new actions with in forma

---

[1] Harris additionally lists the following defendants: Roberto Gonzales, Attorney General and Director of the Department of Justice; Director of the Federal Bureau of Investigation, Roanoke, Virginia Division; Director of the Internal Revenue Service, Washington, D.C.; Director of the Social Security Administration, Washington, D.C.; United States Supreme Court; Judge Collin R. Gibb, Giles County, Virginia Circuit; Phillip C. Steele, Prosecutor, Giles County Circuit Court; Director of Giles County Social Services, Narrows, Virginia; Giles County Sheriff's Department, Pearisburg, Virginia; Chief of Police Steve Buckland, Glen Lyn, Virginia; Channel 10 News; and CNN News.

[2] Harris styles this action as a "Motion for Review of All Cases Brought Before the Court by New Evidence Presented Herein." However, Harris fails to refer to any previous action he filed before this court with specificity against the defendants. Therefore, upon review of Harris's pleading, the court construes this pleading as a civil rights complaint pursuant to 42 U.S.C. § 1983.

[3] See e.g., Harris v. Steele, Civil Action No. 7:03CV550 (W.D. Va. Aug. 27, 2003); Harris v. Ratcliff, et al., Civil Action No. 7:03CV623 (W.D. Va. Sept. 23, 2003); Harris v. Hall, Civil Action No. 7:04CV146 (W.D. Va. Mar. 29, 2004).

pauperis status was revoked pursuant to 28 U.S.C. § 1915(e)(2).[4] Harris is a vexatious litigator of frivolous, meritless actions and is abusing the court process. Upon consideration of the complaint and affidavit of poverty, the court denies Harris's motion to reinstate his ability to proceed in forma pauperis, enters a pre-filing injunction against Harris, and dismisses this action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.

Harris's allegations are unintelligible. A civil complaint filed in forma pauperis may be dismissed under 28 U.S.C. § 1915(e) if it is based on "indisputably meritless legal theories" or "clearly baseless" factual contentions. Neitzke v. Williams, 490 U.S. 319, 324-25 (1989) (discussing 28 U.S.C. § 1915(d) prior to its amendment and redesignation as 28 U.S.C. § 1915(e), and affirming in part sua sponte dismissal of action filed in forma pauperis for failure to state a claim). Pro se complaints are held to a less stringent standard than those drafted by attorneys; however, pro se plaintiffs must meet minimum standards of rationality and specificity. See id. Harris has not clearly indicated the legal or factual bases for his claims. Although the court is aware of its obligation to liberally construe pro se complaints, Harris has neither provided sufficient factual allegations nor presented his claims with sufficient clarity to enable the court to discern the nure of his claims. See id. Therefore, the court finds th Harris's complaint fails to meet minimum standards of rionality and specificity. See id.

II.

Harris has filed a plethora of frivolous, repetitive complaints in this court which were

---

[4]See Harris v. Giles Cty Sheriff's Dep't, Civil Action No. 7:03CV547 (W.D. Va. Feb. 11, 2004). In that action, the court previously notified Harris that he may not file civil actions in this court unless he prepays the $250.00 filing fee. Therefore, the court will not give Boyd additional time to pay the filing fee or amend his complaint.

dismissed for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2). See note 3. Harris's right to file new civil actions in forma pauperis was revoked by the final order of February 11, 2004. See note 4. Nevertheless, following revocation of Harris's right to file new civil actions in forma pauperis, Harris has continued to file numerous frivolous and unintelligible actions which the court has dismissed for failure to prepay the filing fee. Under these circumstances, the court has discretionary authority to implement a pre-filing review procedure which is narrowly tailored to prevent repetitive litigants, such as Harris, from continuing to abuse the court process. See e.g., 28 U.S.C. § 1915A; Graham v. Riddle, 554 F.2d 133, 135 (4th Cir. 1977) (affirming district court's injunction upon inmate litigant conditioning right to file in forma pauperis upon good cause shown and imposing a $15 fee for every frivolous action filed); Safir v. U.S. Lines, Inc., 792 F.2d 19, 23-24 (2d Cir. 1986) (reasoning that a district court has authority to enjoin a plaintiff from further vexatious litigation as long as the injunction is specific and does not completely bar access to federal courts); Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004) (vacating and remanding where magistrate judge issued a pre-filing injunction that was not narrowly tailored to fit circumstances of litigant's abusive conduct).

The court in Safir listed five factors to be considered prior to issuing a pre-filing injunction as follows:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

3

Safir, 792 F.2d at 24. The Safir court summarized these five factors into one basic question the court must answer prior to enjoining a litigant from filing future actions as "whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." Id.;see also, Graham, 554 F.2d at 135 (holding the district court did not abuse its discretion by enjoining litigant where "it had experienced a plethora of frivolous, repetitive complaints[, ] had every reason to expect the pattern to continue, as indeed it did [ ], [and] [it] was not required to go through the formalities of granting leave to file, docketing the case and then dismissing on the merits, [but] [i]t could properly follow the procedure of pre-filing review implicit in the discretionary authority vested in it") (citing, West v. Procunier, 452 F.2d 645, 646 (9th Cir. 1971)); Abdullah v. Gatto, 773 F.2d 487, 488 (2d Cir. 1985) (discussing the court's right to "impose conditions upon a litigant -- even onerous conditions -- so long as they assist [the] court in making [its case by case determination of poverty, frivolity, or maliciousness], and so long as they are, taken together, not so burdensome as to deny the litigant meaningful access to the courts") (quoting, In re Green, 215 U.S. App. D.C. 393, 669 F.2d 779, 786 (D.C. Cir. 1981)). Harris's present civil action is the twenty-fourth suit he has filed in this court over a two-year period. Harris continues to file new frivolous civil actions which fail to meet minimum standards of rationality and specificity without prepaying the filing fee as directed by the court's order of February 11, 2004. Therefore, the court has every reason to expect that Harris will continue this abusive litigious pattern. Because Harris continues to vexatiously file frivolous new actions without prepayment of the filing fee in defiance of the court's order, the court expands its filing restrictions on Harris to include a pre-filing injunction.

Thus, Harris is enjoined from filing frivolous civil actions as follows. First, in addition to

4

prepaying the filing fee, Harris must demonstrate good cause by separate motion explaining why he should be allowed to file any new civil action. Second, Harris's motion must set forth in separate subparagraphs for each defendant the facts that Harris believes entitle him to relief against the defendant(s) and the basis for Harris's belief that such facts exist. Third, Harris must provide sufficient factual allegations presented with sufficient clarity to enable the court to discern the nature of his claims. Fourth, Harris must establish that any claims he brings against named defendants are being made in good faith, have a tenable basis in fact, and are not frivolous. The court will summarily deny any motion or action that does not strictly comply with the pre-filing injunction and fails to show good cause to file a new civil action.

### III.

For the reasons stated, the court dismisses with prejudice this action for failure to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B), denies Harris's motion to reinstate his right to proceed in forma pauperis, and initiates a pre-filing injunction against Harris.

**ENTER**: This _12th_ day of September, 2005.

/s/ James C. Turk
SENIOR UNITED STATES DISTRICT JUDGE